IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

CHARLESTON KELLEY, JR.,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CV 104-179
(CR 189-031)

# ORDER

Petitioner, Charleston Kelley, Jr., has filed a motion to set aside this Court's April 6, 2005, judgment denying his 28 U.S.C. § 2255 motion. Kelley brings this motion pursuant to Federal Rule of Civil Procedure 60(d).[1] In addition to vacating the Court's judgment, Kelley has requested the Court vacate his underlying continuing criminal enterprise conviction and reinstate his conspiracy conviction.

For the reasons set forth below, the Court concludes that Kelley's motion constitutes a second or successive habeas petition which requires that he, as a preliminary step, obtain

---

[1] Rule 60(d) states that Rule 60 "does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding; (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or (3) set aside a judgment for fraud on the court."

DHB (43)

prior authorization from the Eleventh Circuit. Without such authorization, this Court lacks jurisdiction to hear the matter.

## I. Background

This motion is the latest event in a long history of post-conviction proceedings challenging Kelley's convictions and sentence. In 1989, a federal grand jury indicted Kelley on four counts of a seventy-eight count indictment. (See Second Superseding Indictment, CR 189-031.) Count One charged Kelley with conspiracy to possess with intent to distribute cocaine hydrochloride, cocaine base, heroin, and marijuana, in violation of 21 U.S.C. § 846. (Id.) Pursuant to 21 U.S.C. § 848, Count Three charged Kelley with a continuing criminal enterprise ("CCE") predicated on violations of 21 U.S.C. §§ 841(a)(1), 846, and 843(b). (Id.) Kelley was also charged with two counts of using a phone to facilitate the conspiracy, in violation of 21 U.S.C. § 843(b). (Id.) The jury convicted Kelley on all four counts, and this Court sentenced Kelley to 400 months' of imprisonment. (See Judgment, CR 189-031.) The Eleventh Circuit affirmed Kelley's convictions and sentence. See United States v. Hamilton, 953 F.2d 1344 (11th Cir. 1992), cert. denied, 506 U.S. 1020 (1992).

Kelley subsequently filed a successful 28 U.S.C. § 2255

petition. (Kelley v. United States, CV 197-065 (S.D. Ga. filed April 8, 1997).) The Court held that Kelley's conspiracy conviction should have merged into his CCE conviction and ordered Kelley resentenced on his CCE conviction. (Id., Doc. No. 8 at 31-32 and Doc. No. 14.)

Prior to the resentencing hearing, the government filed a notice of intention to seek an upward departure. Granting the upward departure, the Court again sentenced Kelley to 400 months' imprisonment. The Eleventh Circuit affirmed this sentence. United States v. Kelley, 82 Fed. Appx. 213 (11th Cir. 2003) (Table).

In 2004, Kelley filed another 28 U.S.C. § 2255 petition. (Doc. No. 1.) Kelley raised three grounds for relief, all involving claims of ineffective assistance of counsel. The crux of Kelley's claims were that his counsel should have objected when the Court granted the government's motion for upward departure. (Id.) In support of his argument, Kelley relied upon Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004).[2]

---

[2] Kelley had also filed a motion to amend his petition to include a claim based on the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). (Doc. No. 4) The Court denied this motion and held that Kelley was not entitled to §2255 relief on this ground. Specifically, the Court held that since the decision in Booker was not applicable to Kelley's case, "any attempt to amend his petition would be futile as the Court would simply dismiss

3

In a Report and Recommendation, the United States Magistrate Judge denied Kelley's § 2255 motion, finding it was untimely and that no Apprendi error existed in Kelley's resentencing. (Doc. No. 7.) I adopted the Report and Recommendation and dismissed Kelley's § 2255 motion. (Doc. No. 16.) Kelley then filed a motion to alter or amend the judgement, which was denied. (Doc. No. 19.) Kelley appealed, but the Eleventh Circuit denied him a certificate of appealability, noting that "the district court did not have jurisdiction to reconsider the appellant's continuing criminal enterprise conviction under Richardson v. United States, 526 U.S. 813 (1999), at resentencing, and any such challenge would now be a second or successive 28 U.S.C. § 2255 motion." (Doc. No. 31 at 2.)

In 2007, Kelley filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Kelly v. Hickey, CV 207-092 (S.D. Ga. filed July 31, 2007).) In this petition, Kelley contended that he was denied the opportunity for judicial review of his Richardson claims. (CV207-92 Doc. 12.) In his Report and Recommendation, the United States Magistrate Judge concluded that "Kelley [was] doing nothing more than 'attempting to use § 2241 . . . to escape the restrictions of

---

such a claim pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings." (Doc. No. 5 at 2.)

§ 2255.'" (CV 207-092, Doc. No. 13 at 5-6.) The Court adopted the Magistrate Judge's R&R and dismissed Kelley's § 2241 petition. (Id., Doc. 19.)

Presently before the Court is Kelley's motion to set aside this Court's judgment denying him § 2255 relief. (Doc. No. 33.) Kelley again asserts a claim relying on the Supreme Court's decision in Richardson. Specifically, Kelley claims that the jury's verdict did not comply with Richardson's prerequisites for a CCE conviction and that the government failed to prove the essential elements of the CCE offense, which he also claims demonstrates his actual innocence of that offense post-Richardson. Kelley seeks to have his CCE conviction overturned and to be sentenced accordingly.

## II. Analysis

A Rule 60(b) motion challenging the denial of habeas relief should be construed as a second or successive § 2255 motion if it either attacks the court's previous resolution on the merits or adds a new claim.[3] Gonzalez v. Crosby, 545 U.S.

---

[3] The Court notes that the cited case refers to Rule 60(b) rather than 60(d). This difference does not affect the outcome of Kelley's case. As part of the general restyling of the Civil Rules in 2007, the Committee on Rules of Practice and Procedure simply restyled the third sentence of Rule 60(b) as Rule 60(d). See Advisory Committee's Note on Fed. R. Civ. P. 60.

5

524, 528 (2005). As a gatekeeping mechanism, Congress has established that "before a second or successive application permitted by [§ 2255] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2255 (cross-referencing § 2244 certification requirement). Without authorization from the Eleventh Circuit, the district court lacks jurisdiction to consider the petition. Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997).

Having examined Kelley's motion, I conclude that it is the functional equivalent of a successive § 2255 motion. It is clear that Kelley is using this motion as yet another opportunity to attack his underlying convictions and sentence rather than the § 2255 proceedings.[4] Accordingly, Kelley's Rule 60 motion should be construed as a second or successive § 2255 motion.

Because the Court construes this motion as a successive § 2255 motion, Kelley must obtain authorization from the

---

[4] Kelley does argue that the Court's order denying him leave to supplement his petition prevented him from raising his Richardson claim. However, a review of the record reveals that Kelley never raised a Richardson claim in that motion. Instead, Kelley requested that his petition add the issue of "[w]hether the Petitioner's sentence currently imposed is in violation of Booker and FanFan." (Doc. No. 18.)

6

Eleventh Circuit prior to filing his motion. Since Kelley has not obtained such authorization, this Court lacks jurisdiction to consider the motion.

### III. Conclusion

Upon the foregoing, Petitioner's motion for relief from judgment (Doc. No. 33) is **DISMISSED**. Petitioner's "Motion for Court to Identify Status of Motion for Relief from Final Judgment" (Doc. No. 37) is **DENIED AS MOOT**.

**ORDER ENTERED** at Augusta, Georgia, this 22nd day of October, 2009.

_____
UNITED STATES DISTRICT JUDGE